UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04063-BFM **Date:** August 3, 2026

**Title:** *Andrea Lancini v. Fereti Semaia et al.*

==========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner | Attorneys Present for Respondents |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order re: Petition (ECF 1)**

Petitioner Andrea Lancini filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 21, 2026, arguing that she should be ordered released. (ECF 1.) The Court granted her Petition on July 29, 2026. (ECF 9.) The Court was then notified that the Petitioner had been released a week prior to her order. (ECF 11.)

The Court leaves its prior order in place. While Petitioner's release from custody might generally be viewed as a basis to dismiss the Petition as moot, here, the exception for voluntary cessation would appear to apply: Respondents released Petitioner after the instant Petition was filed and absent judgment in her favor, nothing would prevent Respondents from simply taking Petitioner back into custody. *See Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) ("The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed.") (cleaned up). Judgment shall, accordingly, be entered in line with the Court's prior order.

Initials of Preparer: ch